No. 25-11102

---

United States Court of Appeals
Fifth Circuit

---

ASBURY AUTOMOTIVE GROUP, INCORPORATED, et. al.,

Plaintiffs – Appellants,

v.

FEDERAL TRADE COMMISSION, et al.,

Defendants – Appellees.

---

Appeal from the United States District Court, N.D. Texas
No. 4:24-CV-00950-O

---

# Motion of Plaintiffs-Appellants to Dismiss Appeal Without Prejudice

---

| | |
|---|---|
| Edward D. Burbach | Todd A. Murray |
| Texas Bar No. 03355250 | Texas Bar No. 00794350 |
| John Sepehri | Stacy R. Obenhaus |
| Texas Bar No. 00797408 | Texas Bar No. 15161570 |
| Foley & Lardner LLP | Foley & Lardner LLP |
| 600 Congress, Suite 3000 | 2021 McKinney, Suite 1600 |
| Austin, Texas 78701 | Dallas, Texas 75201 |
| Tel: 512.542.7000 | Tel: 214.999.3000 |
| Fax: 512.542.7100 | Fax: 214.999.4667 |
| eburbach@foley.com | tmurray@foley.com |
| jsepehri@foley.com | sobenhaus@foley.com |

Counsel for Plaintiffs

# Certificate of Interested Parties

The undersigned counsel certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| **Plaintiffs-Appellants:** | **Counsel:** |
|---|---|
| Asbury Automative Group Inc. | Edward Donald Burbach |
| Asbury Automotive Group, Inc. (Plaintiff) | John Sepehri |
| | Robert F. Johnson, III |
| Asbury Automotive Group, LLC | Brandon Livengood |
| Asbury Automotive Texas LLC | Todd A Murray |
| | Stacy Obenhaus |
| Asbury Ft. Worth Ford, LLC, d/b/a David McDavid Ford Ft. Worth (Plaintiff) | |
| McDavid Frisco — Hon, LLC, d/b/a David McDavid Honda of Frisco, McDavid Irving — Hon, LLC (Plaintiff) | |
| McDavid Irving — Hon, LLC, and d/b/a David McDavid Honda of Irving (Plaintiff) | |
| Ali Benli (Plaintiff) | |

BlackRock, Inc.

The Vanguard Group, Inc.

Impactive Capital LP, Lauren Taylor Wolfe, and Christian Asmar

Abrams Capital Management

Subsidiary Companies of Asbury Automotive Group, Inc. *See* Attachment A, "List of Subsidiary Companies" (Exhibit 21 to Asbury Automotive Group, Inc.'s, Dec. 31, 2023 10-K SEC filing).

| **Defendants:** | **Counsel:** |
|---|---|
| Federal Trade Commission | Daniel J. Aguilar |
| Lina M. Khan | Isaac Belfer-DOJ |
| Rebecca Kelly Slaughter | Zachary Cowan |
| Alvaro Bedoya | |
| Melissa Holyoak | |
| Andrew Ferguson | |
| Mark Meador | */s/ Edward D. Burbach*<br>Edward D. Burbach |

## Motion

Because the district court is reconsidering rulings that are the subject of this appeal and has been asked to issue an indicative ruling in that regard (per FRCP 62.1 and FRAP 12.1), all plaintiffs-appellants herein ask this Court to dismiss this appeal without prejudice (per the procedures in Fifth Circuit Rules 27.1.3 and 42.4), subject to a reinstatement after the district court has determined whether to issue an indicative ruling that will invite this Court to remand the matter pursuant to FRAP 12.1.

Specifically, all plaintiffs-appellants seek a dismissal without prejudice subject to a reinstatement within 180 days pursuant to the Fifth Circuit Rules 27.1.3 and 42.4.

This is an appeal of an order denying an application for a preliminary injunction (and associated Rule 12 (b)(1) and Rule 12(b)(6) rulings) (Docs. 6, 24, 51) so this Court's jurisdiction is based upon 28 U.S.C. § 1292(a)(1) and this Court's discretionary pendent jurisdiction. *See, e.g.*, *Byrum v. Landreth*, 566 F.3d 442, 449-450 (5th Cir. 2009) (discussing other circuit case law); *In re Lease Oil Antitrust Litig.*, 200 F.3d 317, 319-20 (5th Cir. 2000) (reviewing a ruling on a motion to dismiss an appeal of a preliminary injunction ruling); *Thornton v. General Motors Corp.*, 136 F.3d 450, 453 (5th Cir. 1998); *Clinton v. Jones*, 520 U.S. 681, 707 n.41 (1997).

Because the Federal Trade Commission is a party to the lawsuit, the appeal was timely filed based on FRAP 4(a)(1)(B), i.e., filed within 60 days of the date of the entry of the denial of the request for preliminary injunction (Docs. 51, 58). After the district court's ruling (August 11, 2025), all plaintiffs-appellants indicated an intent to file a motion for reconsideration based on this Court's subsequent decision in *Space Exploration Technologies Corp. v. NLRB*, No. 24-10855, 2025 WL 2396748 (5th Cir. Aug. 19, 2025) (Doc. 56).

Based on that request, the district court set out a briefing schedule for reconsidering its ruling (Doc. 57).

In the meantime, the plaintiffs-appellants decided they would preserve their appellate rights by filing the present appeal—because it was uncertain whether a timely Rule 59 motion challenging the district court ruling on their Rule 12(b) motion to dismiss would have tolled the appeal deadline pursuant to FRAP 4(a)(4) for an appeal tied to jurisdiction under 28 U.S.C. 1292(a) (relating to orders on requests for preliminary injunctive relief) through the doctrine of pendent appellate jurisdiction—hence this pending appeal (Doc. 58). The plaintiffs-appellants also filed their motion for reconsideration and a brief in support (Docs. 59, 60). Pursuant to the district court's scheduling order, response and reply briefs were due to be filed by October 17, 2025, and October 31, 2025, respectively (Doc. 57).

However, the FTC defendants subsequently filed an unopposed motion to stay the briefing deadlines the district court had set, referencing the fact that federal government appropriations had lapsed as of September 30, 2024 (Doc 61). As a result, the district court issued an order on October 15, 2025 in which it ordered that the "Motion for Reconsideration briefing deadlines set in [Doc] No. 57 . . . STAYED pending further order" from the district court (Doc 64). The district court further ordered that the FTC defendants file a notice with the Court within five days "of receiving clearance to resume their usual litigation functions" (Doc. 64).

The lapse in appropriations continued for 43 days, i.e., until November 12, 2025. On November 17, 2025, the FTC defendants filed with the district court a notice outlining an agreed proposed revised briefing schedule—with their response to the motion for reconsideration to be due on November 26, 2025, and plaintiffs-appellants' reply to be due December 12, 2025 (Doc. 66). Two days later the district court adopted the proposed briefing schedule and ordered the parties to file their response and reply, respectively, according to that schedule (Doc. 67). The FTC defendants have since filed their response to the motion for reconsideration, and the plaintiffs-appellants' reply is due on December 12, 2025 (Doc. 68).

Due to the pendency of this appeal, in their motion for reconsideration the plaintiffs-appellants have asked the district court to issue an "indicative ruling" pursuant to Federal Rule of Civil Procedure 62.1. In other words, the district court cannot presently grant any relief modifying its prior ruling; the appeal has placed in this Court sole jurisdiction to determine whether denial of the request for preliminary injunction was improper and injunctive relief should be granted or reconsidered. *Dominguez v. Gulf Coast Mar. & Assocs.*, 607 F.3d 1066, 1074-75 (5th Cir. 2010) (Rule 60(b) motion practice).

Rule 62.1 is the procedure to use should a party seek to have the district court reconsider the matter in circumstances such as these. Under the rule, if a timely motion is made for relief that a district court lacks authority to grant because of an appeal that has been docketed and is pending, the district court "may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." FRCP 62.1(a).

Plaintiffs-appellants thus asked the district court to reconsider its prior decision and to issue an "indicative ruling" order that states either (a) that the court would grant the motion to reconsider should this Court remand for that purpose, or (b) that the motion to reconsider raises a substantial issue— whereupon plaintiff-appellants would promptly notify this Court pursuant to

FRAP Procedure 12.1, request a limited remand to allow the district court to rule, and thereafter ask that court to rule, FRCP P. 62.1(c) (Docs. 59, 60).

This appeal did not necessarily invoke this Court's jurisdiction over the district court's ruling dismissing claims pursuant to Rule 12(b)(6)—because 28 U.S.C. § 1292(a)(1) expressly authorizes appeal of the injunction ruling only, not the Rule 12(b)(6) dismissals. Under the doctrine of *discretionary* pendent jurisdiction, this Court might or might not conclude (on review of a complete record) that it should also exercise jurisdiction over the Rule 12(b) dismissals: "Whether to 'exercise' pendent appellate jurisdiction is 'a matter of discretion'" to be exercised "'with caution'" and "'used sparingly.'" *Heidi Grp., Inc. v. Texas Health & Hum. Servs. Comm'n*, 138 F.4th 920, 930 (5th Cir. 2025). So except with regard to the denial of the injunction, neither the parties nor this Court can be sure at this point that this appeal deprived the district court of jurisdiction to address the motion for reconsideration.

The district court's indicative ruling may not issue promptly, and in the meantime the record on appeal could be filed herein, triggering the briefing deadlines. FRAP 31. Plaintiffs-appellants therefore ask this Court to dismiss this case without prejudice—and thereby effect an administrative closure of the case—while the district court considers the matters for which it allowed additional briefing and determines whether to issue the "indicative ruling."

This request for dismissal seeks to invoke procedures in Fifth Circuit Rules 27.1.3 and 42.4, the latter of which states:

> In acting on a motion under 5th Cir. R. 27.1.3 to stay further proceedings, the clerk may enter such appeals or agency review proceedings as dismissed without prejudice to the right of reinstatement of the appeal within 180 days from the date of dismissal. Any party desiring reinstatement, or an extension of the time to seek reinstatement, must notify the clerk in writing within the time period allowed for reinstatement. This procedure does not apply where the stay is sought pending a decision of this court in another case, a decision of the Supreme Court, or a stay on the court's own motion. If the appeal is not reinstated within the period fixed, the appeal is deemed dismissed with prejudice. However, an additional period of 180 days from the date of dismissal will be allowed for applying for relief from a dismissal with prejudice which resulted from mistake, inadvertence, or excusable neglect of counsel or a pro se litigant.

Plaintiffs-appellants seek such a dismissal. Should the district court issue its indicative ruling, under FRAP 12.1 plaintiffs-appellants will promptly inform this Court of the ruling, seek to reopen the appeal, and request a remand.

This relief is consistent with the FTC defendants' concerns—as stated in their district court response to the motion for reconsideration—about the pendency of parallel proceedings in this court and the district court—i.e., the "simultaneous challenges" to the district court action—about "inefficient use of judicial resources," about action that "interrupts the appellate process," and that the plaintiffs-appellants "cannot have it both ways" (Doc. 68 at 3, 4, 5). Dismissal under Rules 27.1.3 and 42.4 readily addresses those concerns

9

while preserving the plaintiffs-appellants appellate rights, contingent as they are on future, uncertain judgments about pendent appellate jurisdiction.

Respectfully submitted,

*/s/ Stacy R. Obenhaus*

| | |
|---|---|
| Edward D. Burbach | Todd A. Murray |
| Texas Bar No. 03355250 | Texas Bar No. 00794350 |
| John Sepehri | Stacy R. Obenhaus |
| Texas Bar No. 00797408 | Texas Bar No. 15161570 |
| Foley & Lardner LLP | Foley & Lardner LLP |
| 600 Congress, Suite 2900 | 2021 McKinney, Suite 1600 |
| Austin, Texas 78701 | Dallas, Texas 75201 |
| Tel: 512.542.7000 | Tel: 214.999.3000 |
| Fax: 512.542.7100 | Fax: 214.999.4667 |
| eburbach@foley.com | tmurray@foley.com |
| jsepehri@foley.com | sobenhaus@foley.com |

Counsel for Plaintiffs

## Certificate of Compliance

This document complies with word limits of Federal Rule of Appellate Procedure 32 because, excluding parts of the document Rule 27(a)(2)(B) and Rule 32(f) exempt, this document contains **1,463** words in accordance with Federal Rule of Appellate Procedure 27(d)(2)(A).

This document complies with typeface requirements of Rule 32(a)(5), and the type-style requirements of Rule 32(a)(6), because this document was prepared in proportionally spaced typeface using Microsoft® 365 software in Georgia 14-point font.

*/s/ Stacy R. Obenhaus*
Stacy R. Obenhaus

## Certificate of Conference

I certify that counsel for the parties' counsel conferred twice regarding the relief that this motion requests, and counsel for the defendants-appellees indicated that the defendants-appellees **opposes** this request for relief.

*/s/ Stacy R. Obenhaus*
Stacy R. Obenhaus