# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| Asbury Automotive Group, Incorporated; McDavid Irving-Hon, L.L.C., doing business as David McDavid Honda of Irving; McDavid Frisco-Hon, L.L.C., doing business as David McDavid Honda of Frisco; Asbury Ft. Worth Ford, L.L.C., doing business as David McDavid Ford Ft. Worth; Ali Benli,<br><br>　　　Plaintiffs-Appellants,<br>　　　　　　v.<br>Federal Trade Commission; Lina M. Khan, in their official capacity as Commissioner of the Federal Trade Commission; Rebecca Kelly Slaughter, in their official capacity as Commissioner of the Federal Trade Commission; Alvaro Bedoya, in their official capacity as Commissioner of the Federal Trade Commission; Melissa A. Holyoak, in their official capacity as Commissioner of the Federal Trade Commission; Andrew Ferguson, in their official capacity as Commissioner of the Federal Trade Commission,<br><br>　　　Defendants-Appellees. | No. 25-11102 |

# RESPONSE TO PLAINTIFF'S MOTION FOR DISMISSAL WITHOUT PREJUDICE AND POTENTIAL REINSTATEMENT OF THE APPEAL

Plaintiffs' request to dismiss this appeal without prejudice, and subject to potential reinstatement, is procedurally inappropriate and should be denied. The Court should allow this appeal to proceed in the normal course unless plaintiffs choose to dismiss the appeal with prejudice.[1]

The district court denied plaintiffs' request for a preliminary injunction, and plaintiffs filed an appeal with this Court. Plaintiffs also moved for the district court to reconsider its denial of the preliminary injunction, based on an intervening decision by this Court.

Having invoked this Court's jurisdiction, plaintiffs now ask this Court to conditionally dismiss their appeal without prejudice, leaving open the possibility of reinstatement within 180 days. Plaintiffs cite 5th Cir. R. 42.4 as the basis for their request, but that rule does not apply. By its terms, Rule 42.4 authorizes the clerk to dismiss a pending appeal without prejudice as a docket-management tool when this Court stays appellate proceedings under Rule 27.1.3. Emphasizing the narrow textual basis for this procedure, the Court has repeatedly explained that dismissal without prejudice is only available when a party seeks to stay the appeal. *See, e.g.*, *Mukuka v. Sessions*, 697 F. App'x 368, 368 (5th Cir. 2017) ("Although we

---

[1] A certificate of interested persons is not required, as defendants-appellees are a federal agency and government officials sued in their official capacity. Fifth Cir. R. 27.4, 28.2.1.

have the discretion to dismiss an appeal without prejudice in limited cases where a party has filed a motion to stay further proceedings, no motion for a stay pursuant to 5th Circuit Rule 27.1.3, has been submitted, and this procedure is not appropriate in this case."); *United States v. Millsaps*, 2025 WL 274815, at *1 (5th Cir. Jan. 23, 2025) ("Although he nominally requests to withdraw his appeal without prejudice, Millsaps has not requested a stay, and, therefore, he is not entitled to such a dismissal.  *See* 5th Cir. R. 42.4."); *United States v. Lopez*, 2024 WL 1156534, at *1 (5th Cir. Mar. 18, 2024) (same); *United States v. Quinones*, 2023 WL 2755574 (5th Cir. Apr. 3, 2023) (same).  Because plaintiffs' motion does not seek a stay, dismissal without prejudice under Rule 42.4 is improper.

    Moreover, the limited role of the clerk's docket-management authority makes sense because Rules 27.1.3 and 42.4 are generally used to facilitate settlement discussions between the parties that would obviate the need for appeal.  *E.g.*, Joint Motion to Stay Proceedings, *DACO Investments, LLC v. U.S. Small Business Administration*, No. 24-30319 (5th Cir. Sept. 30, 2024) (motion for a stay "to facilitate settlement discussions"); Order (5th Cir. Oct. 3, 2024) (granting motion and dismissing the appeal without prejudice under Rule 42.4).  Settlement discussions are not currently occurring or anticipated in this case.

If the district court issues an indicative ruling or states that plaintiffs' reconsideration motion raises a substantial issue, plaintiffs may request a limited remand to the district court. *See* Fed. R. App. P. 12.1; *Mendia v. Garcia*, 874 F.3d 1118, 1121 (9th Cir. 2017) (collecting cases and describing the correct procedure for indicative motions and remands). Alternatively, plaintiffs may request dismissal of the appeal with prejudice, which is the usual course under Federal Rule of Appellate Procedure 42(b). *See Millsaps*, 2025 WL 274815, at *1 (denying Rule 42.4 motion and dismissing appeal with prejudice).

At bottom, plaintiffs can choose to continue with this appeal or dismiss it with prejudice so that the district court can decide their reconsideration motion. But the motion they have elected to file instead is procedurally inappropriate and should be denied.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

MICHAEL S. RAAB
*/s/ Daniel Aguilar*
DANIEL AGUILAR
(202) 514-5432
  Attorney, Appellate Staff
  Civil Division
  U.S. Department of Justice
  950 Pennsylvania Ave., NW
  Washington, DC 20530
  *Counsel for Defendants-Appellees*

DECEMBER 2025

**CERTIFICATE OF SERVICE**

I certify that on December 19, 2025, I electronically filed the foregoing with the Clerk of Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*/s/ Daniel Aguilar*
Daniel Aguilar

**CERTIFICATE OF COMPLIANCE**

I certify that this motion complies with the requirements of Federal Rule of Appellate Procedure 27(d). This motion contains 584 words.

*/s/ Daniel Aguilar*
Daniel Aguilar
