**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Avenue NW
Washington, DC 20530

October 26, 2026

By CM/ECF

Thomas B. Plunkett, III, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

RE: *Asbury Auto. Grp., Inc. v. FTC,* No. 25-11102 (5th Cir.) (oral argument calendared for December 1, 2026)

Dear Mr. Plunkett:

We write to inform the Court that, on October 5, 2026, the Federal Trade Commission (FTC) dismissed the administrative proceeding challenged in this case. The Commission explained that it "must constantly evaluate the deployment of its limited agency resources to ensure maximal efficacy and utility." Order at 2. And the Commission emphasized the "increasingly unlikely possibility of reaching a timely resolution of the merits" of the administrative complaint due to the "years of additional federal court litigation" that may occur "before any administrative adjudication could then commence in earnest." *Id.* The Commission thus concluded that "the public interest requires that" the administrative proceeding "no longer be continued." *Id.*

Given the Commission's dismissal of the administrative proceeding, this appeal from the denial of a preliminary injunction appears to be moot. A case becomes moot when "intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff." *Local 1374, Jefferson Par. Firefighters Ass'n v. Roberts*, 182 F.4th 463, 466 (5th Cir. 2026). That is demonstrated by *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175 (2023), where, after the Supreme Court's remand order, the Commission similarly determined that the administrative proceeding should be dismissed based on "the public interest." *Axon Enterprise, Inc. v. FTC*, No. 20-cv-14 (D. Ariz. Oct. 10, 2023), Dkt. 62-1 at 3. With the administrative proceeding

dismissed, the parties in *Axon* agreed that the plaintiff's constitutional challenges to the pending administrative proceeding were moot. *Axon* Dkt. 62 at 1.

The same analysis applies here. Plaintiffs sought a preliminary injunction "enjoin[ing] the [Commission] from taking further action in the FTC administrative proceeding" against plaintiffs, ROA.69, but there is no longer any administrative proceeding for a court to enjoin.

Sincerely,

DANIEL AGUILAR

*s/ Samuel B. Goldstein*
SAMUEL B. GOLDSTEIN
*Attorneys, Appellate Staff*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-0718*

cc: All counsel by CM/ECF

## CERTIFICATE OF COMPLIANCE

This letter complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because it contains 281 words. This letter also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word in Garamond 14-point font, a proportionally spaced typeface.

*s/ Samuel B. Goldstein*
Samuel B. Goldstein

**PUBLIC**

**UNITED STATES OF AMERICA**
**BEFORE THE FEDERAL TRADE COMMISSION**

**COMMISSIONERS:** **Andrew N. Ferguson, Chairman**
**Mark R. Meador**

| | | |
|---|---|---|
| **In the Matter of**<br><br>**Asbury Automotive Group, Inc., a corporation,**<br><br>**Asbury Ft. Worth Ford, LLC, a limited liability company, also d/b/a David McDavid Ford Ft. Worth,**<br><br>**McDavid Frisco – Hon, LLC, a limited liability company, also d/b/a David McDavid Honda of Frisco,**<br><br>**McDavid Irving – Hon, LLC, a limited liability company, also d/b/a David McDavid Honda of Irving, and**<br><br>**Ali Benli, individually and as an officer of Asbury Ft. Worth Ford, LLC, McDavid Frisco – Hon, LLC, and McDavid Irving – Hon, LLC,**<br><br>**Respondents.** | ) | **DOCKET NO. 9436** |

**ORDER RETURNING MATTER TO ADJUDICATION AND DISMISSING COMPLAINT**

On August 16, 2024, the Federal Trade Commission ("Commission" or "FTC") issued an administrative complaint against Respondents (collectively, "Asbury"), seeking permanent injunctive relief. Shortly thereafter, Asbury initiated a lawsuit in the United States District Court for the Northern District of Texas, seeking a preliminary injunction and asserting constitutional claims regarding the Commission's structure and administrative procedures. The administrative proceeding was subsequently stayed to permit resolution of the collateral issues in the federal court action, and has remained stayed, without the opportunity for substantial prosecution, ever since.

**PUBLIC**

More than two years after the administrative complaint was first issued,[1] and though the federal district has denied a preliminary injunction and dismissed several of Asbury's constitutional claims,[2] the federal district court lawsuit remains pending—currently awaiting resolution of an interlocutory appeal of the denial of preliminary relief. Upon resolution of the appeal, the matter would then be remanded to federal district court for any remaining issues to be decided on the merits. The Commission anticipates this could result in years of additional federal court litigation before any administrative adjudication could then commence in earnest and ultimately reach the merits of the administrative complaint.

As the Commission has made clear in recent remarks,[3] warning letters,[4] and federal district court actions,[5] the FTC remains committed to pursuing price transparency in the appropriate forum, including for automobile dealers. As it does with any enforcement action, however, the Commission must constantly evaluate the deployment of its limited agency resources to ensure maximal efficacy and utility. Here, there are a variety of factors we must consider in pursuit of those priorities, including the increasingly unlikely possibility of reaching a timely resolution of the merits that led to the filing of the administrative complaint in the first place.

Based on the totality of the circumstances, we have come to the difficult conclusion that the public interest requires that this litigation no longer be continued.

Accordingly,

**IT IS ORDERED THAT** this matter be, and it hereby is, returned to adjudication; and

**IT IS FURTHER ORDERED THAT** the Complaint in this matter be, and it hereby is, **DISMISSED**.

By the Commission.

SEAL
ISSUED: October 5, 2026

April J. Tabor
Secretary

---

[1] The Commission amended the complaint on July 17, 2025 to drop a count alleging discriminatory financing practices under the Equal Credit Opportunity Act and Regulation B, consistent with Executive Order No. 14281, 90 Fed. Reg. 17537 (Apr. 23, 2025) ("EO"), which required the Commission to "evaluate pending proceedings that rely on theories of disparate-impact liability and take appropriate action with respect to such matters consistent with the policy of this order." EO §§ 4, 6, 90 Fed. Reg. at 17538.

[2] Order at 21-22, *Asbury Auto. Grp., Inc. v. Fed. Trade Comm'n*, No. 4:24-cv-00950-O (N.D. Tex. Aug. 11, 2025) (ECF No. 51).

[3] *See, e.g.*, Fed. Trade Comm'n, Testimony Before the Committee on Commerce, Science, and Transportation, United States Senate 8-10 (Apr. 15, 2026), https://www.ftc.gov/system/files/ftc_gov/pdf/p994811-ftc-oversight-testimony-senate-commerce-committee-2026.pdf; *see also* Christopher Mufarrige, Director, Bureau of Consumer Protection, Fed. Trade Comm'n, Prepared Remarks for Venable Advertising Law Symposium 3-7 (Mar. 12, 2026), https://www.ftc.gov/system/files/ftc_gov/pdf/2026-3-12-Mufarrige-Remarks-for-Venable-Ad-Law-Symposium.pdf.

[4] Press Release, Fed. Trade Comm'n, "FTC Warns 97 Auto Dealership Groups About Deceptive Pricing" (Mar. 13, 2026), https://www.ftc.gov/news-events/news/press-releases/2026/03/ftc-warns-97-auto-dealership-groups-about-deceptive-pricing.

[5] *See, e.g.*, Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief at II, *Fed. Trade Comm'n & Connecticut v. Chase Nissan LLC*, No. 3:24-cv-00012-VDO (Aug. 20, 2026), https://www.ftc.gov/system/files/ftc_gov/pdf/ManchesterCityNissan-StipulatedOrder.pdf.