FOLEY
FOLEY & LARDNER LLP

ATTORNEYS AT LAW
3000 ONE AMERICAN CENTER,
600 CONGRESS AVENUE
AUSTIN, TX 78701-3056
512.542.7000 TEL
512.542.7100 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
512.542.7016
jsepehri@foley.com EMAIL

October 30, 2026

By CM/ECF

Thomas B. Plunkett, III, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

RE: *Asbury Auto. Grp., Inc. v. FTC,* No. 25-11102 (5th Cir.) (oral argument calendared for November 30, 2026)

Appellants have reviewed the Appellees' Rule 28(j) letter and disagree that this case is moot. "[C]ourts may assert jurisdiction if the official action being challenged is capable of 'repetition, yet evading review . . . ." *Tex. Office of Pub. Util. Counsel v. F.C.C.*, 183 F.3d 393, 414 (5th Cir. 1999) (citations omitted). Voluntary cessation does not moot a case "unless it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *West Virginia v. E.P.A*, 597 U.S. 697, 700 (2022). A defendant claiming "voluntary cessation moots a claim 'bears [a] formidable burden.'" *Netflix, Inc. v. Babin*, 88 F.4th 1080, 1089 (5th Cir. 2023). The "presumption of good-faith cessation is defeated when . . . there is no controlling statement of future intention, the change in conduct is suspiciously timed, and the defendant continues to defend the challenged behavior." *Id.* at 1089-90.

Appellees failed to note Appellants' concern that the FTC's dismissal order was not with prejudice. See, e.g., *In re College Football Ass'n*, 117 F.T.C. 971 (1994) (illustrating the FTC's ability to dismiss "with" or "without prejudice"). Appellees' counsel replied: "Thanks for reaching out. We don't have anything to add beyond the Commission's dismissal order and the letter filed with the Fifth Circuit." See attached. That is not a statement of future intention and the FTC's dismissal order states that "the FTC remains committed to pursuing price transparency in the appropriate forum, including for automobile dealers." The FTC has not indicated it will not refile its complaint

FOLEY
FOLEY & LARDNER LLP

ATTORNEYS AT LAW
3000 ONE AMERICAN CENTER,
600 CONGRESS AVENUE
AUSTIN, TX 78701-3056
512.542.7000 TEL
512.542.7100 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
512.542.7016
jsepehri@foley.com EMAIL

when Appellants are less able to resist. *See Netflix, Inc.*, 88 F.4th at 1090 (finding a prosecution dismissed "without prejudice" not moot); *West Virginia*, 597 U.S. at 721 (noting that "the Government 'nowhere suggests that if this litigation is resolved in its favor it will not' re-impose emissions limits . . . .").

Moreover, the FTC's dismissal followed recent agency-unfavorable precedents. *See, e.g., Intuit, Inc. v. FTC*, 170 F.4th 411 (2026).

Finally, *Axon Enterprise, Inc.* does not alter the analysis. As Appelees noted, "the parties in Axon agreed" the case was moot. Appellants do not agree.

Sincerely,

*/s/ John Sepehri*
JOHN SEPEHRI
Of Counsel
Foley & Lardner LLP
600 Congress Avenue, Suite 3000
Austin, Texas 78701
(512) 542-7016

Cc: All counsel by CM/ECF

FOLEY
FOLEY & LARDNER LLP

ATTORNEYS AT LAW
3000 ONE AMERICAN CENTER,
600 CONGRESS AVENUE
AUSTIN, TX 78701-3056
512.542.7000 TEL
512.542.7100 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
512.542.7016
jsepehri@foley.com EMAIL

# CERTIFICATE OF COMPLIANCE

This letter complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because it contains 349 words. This letter also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word in Garamond 14-point font, a proportionally spaced typeface.

*s/ John Sepehri*
John Sepehri

---

**From:** Goldstein, Samuel B (CIV) <Samuel.B.Goldstein@usdoj.gov>
**Sent:** Tuesday, October 27, 2026 2:11 PM
**To:** Aguilar, Daniel J. (CIV) <Daniel.J.Aguilar@usdoj.gov>; Burbach, Ed <eburbach@foley.com>; Dwyer, Daniel <ddwyer@ftc.gov>; mglassmanftc (Vendor) <mglassman@ftc.gov>
**Cc:** Brooks, Jamie <jbrooks4@ftc.gov>; Abutaleb, Sarah <sabutaleb@ftc.gov>; Doty, James <jdoty@ftc.gov>; Belfer, Isaac C. <Isaac.C.Belfer@usdoj.gov>; Johnson, Rob <rjohnson@foley.com>; Sepehri, John <jsepehri@foley.com>; Lockerby, Michael J. <MLockerby@foley.com>; Obenhaus, Stacy R. <sobenhaus@foley.com>
**Subject:** RE: D09436 Asbury Automotive Group - McDavid Group, - Complaint Counsel submitted a filing

***** EXTERNAL EMAIL MESSAGE *****
Hi Ed,

Thanks for reaching out. We don't have anything to add beyond the Commission's dismissal order and the letter filed with the Fifth Circuit yesterday.

Best,
Sam

---

**From:** Aguilar, Daniel J. (CIV) <Daniel.J.Aguilar@usdoj.gov>
**Sent:** Tuesday, October 27, 2026 10:29 AM
**To:** Burbach, Ed <eburbach@foley.com>; Dwyer, Daniel <ddwyer@ftc.gov>; mglassmanftc (Vendor) <mglassman@ftc.gov>; Goldstein, Samuel B (CIV) <Samuel.B.Goldstein@usdoj.gov>
**Cc:** Brooks, Jamie <jbrooks4@ftc.gov>; Abutaleb, Sarah <sabutaleb@ftc.gov>; Doty, James <jdoty@ftc.gov>; Belfer, Isaac <Isaac.C.Belfer@usdoj.gov>; Johnson, Rob <rjohnson@foley.com>; Sepehri, John <jsepehri@foley.com>; Lockerby, Michael J. <MLockerby@foley.com>; Obenhaus, Stacy R. <sobenhaus@foley.com>
**Subject**: RE: D09436 Asbury Automotive Group - McDavid Group, - Complaint Counsel submitted a filing

Including Sam Goldstein.

From: Burbach, Ed <eburbach@foley.com>
Sent: Tuesday, October 27, 2026 10:20 AM
To: Aguilar, Daniel J. (CIV) <Daniel.J.Aguilar@usdoj.gov>; Dwyer, Daniel <ddwyer@ftc.gov>; mglassmanftc (Vendor) <mglassman@ftc.gov>
Cc: Brooks, Jamie <jbrooks4@ftc.gov>; Abutaleb, Sarah <sabutaleb@ftc.gov>; Doty, James <jdoty@ftc.gov>; Belfer, Isaac C. <Isaac.C.Belfer@usdoj.gov>; Johnson, Rob <rjohnson@foley.com>; Sepehri, John <jsepehri@foley.com>; Lockerby, Michael J. <MLockerby@foley.com>; Burbach, Ed <eburbach@foley.com>; Obenhaus, Stacy R. <sobenhaus@foley.com>
Subject: [EXTERNAL] RE: D09436 Asbury Automotive Group - McDavid Group, - Complaint Counsel submitted a filing

Daniel,
During our October 13 call we discussed our concern that the Commission's dismissal order was not with prejudice. You indicated that you would speak with the FTC about language they could agree to that could be placed in the filings with the federal court which would provide us with some protection against any future attempt by the FTC to pursue the same claims.

We have yet to receive that language.

However, yesterday your office submitted the attached letter with the Fifth Circuit which does not reference our discussion and takes the position that the dismissal renders the federal litigation moot.

We obviously will need to respond to you letter. Are we to assume that DOJ/FTC are no longer going to provide us with the proposed language?

**Ed Burbach**
*Partner*
*Chair, Government Solutions Practice Group*
*Co-Chair, State Attorneys General Practice*
*Austin Office Managing Partner*
**Foley & Lardner LLP**
600 Congress Avenue, Suite 3000, Austin, TX 78701-3056
Phone 512.542.7070 | Internal 1347070 | Cell 512.470.0801 | Fax 512.542.7100
View My Bio | Visit Foley.com